IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KALIFE CRENSHAW, | * | |
| Petitioner, | * | Criminal Action No. RDB-11-0456 |
| v. | * | Civil Action No. RDB-16-0772 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 26, 2012, the *pro se* Petitioner Kalife Crenshaw ("Petitioner" or "Crenshaw") pled guilty before this Court to one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21.) Crenshaw was deemed to be an armed career criminal as defined by 18 U.S.C. § 924(e). (ECF No. 37 at 37.) Subsequently, this Court sentenced Crenshaw to the mandatory minimum sentence of one-hundred and eighty (180) months imprisonment. (ECF No. 38 at 3.) In 2012, Crenshaw appealed his sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed Crenshaw's conviction. (ECF No. 38; *United States v. Crenshaw*, No 12-4326, 2012 WL 5374241 (4th Cir. Nov. 2, 2012).) Subsequently on March 16, 2016, Crenshaw filed a Motion to Vacate, Set Aside, or Correct his sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 40.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Crenshaw's Motion to Vacate (ECF No. 40) is DENIED.

1

BACKGROUND

Documents filed *pro se* are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The background facts of this case were set forth in Petitioner's plea agreement. (ECF No. 23-1.) On May 11, 2011, law enforcement apprehended Crenshaw and recovered a firearm and ammunition from his person. (*Id.* at 4). Petitioner was subsequently charged with one count of Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.)

At sentencing, Crenshaw had three prior serious drug offenses: a 1998 conviction for possession with intent to distribute cocaine, a 2000 conviction for possession with intent to distribute cocaine, and a 2003 conviction for distribution of cocaine. (PSR at ¶ 6,7,8.) He was therefore deemed an armed career criminal under 18 U.S.C. § 924(e), and subsequently sentenced to 180 months imprisonment, the mandatory minimum pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (ECF No. 45 at 2.)

In 2012, Crenshaw appealed his sentence, arguing that the mandatory minimum sentencing scheme prescribed by § 924(e) conflicts with 18 U.S.C. § 3553(a), the general sentencing statute.[1] (ECF No. 38.) The Fourth Circuit affirmed Crenshaw's conviction, explaining that § 3551(a) "defines the scope of § 3553(a) so as to eliminate any conflict with mandatory minimum sentences, providing that sentencing shall be effected pursuant to § 3553(a) 'except as otherwise specifically provided.'" *United States v. Crenshaw*, No 12-4326, 486 Fed. App'x. 379, 379-80 (4th Cir. Nov. 2, 2012) (quoting § 3551(a)). Subsequently,

---

[1] Specifically, 18 U.S.C. § 3553(a) sets forth factors for a district court to consider during sentencing and mandates that a court "impose a sentence sufficient, but not greater than necessary."

2

Crenshaw filed the instant Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C § 2255. (ECF No. 40.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a minimum fifteen-year prison sentence for any person who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a *violent felony* or a *serious drug offense*, or both . . .." 18 U.S.C. § 924(e)(1) (emphasis added). The term "serious drug offense" includes both federal drug crimes and "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). The term "violent felony" includes "any crime punishable by imprisonment

for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "Force Claim"), "is burglary, arson, or extortion, [or] involves use of explosives" (the "Enumerated Offenses Clause"), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "Residual Clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the ACCA's Residual Clause was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Id.* at 2557. Up to that point, courts analyzing an offense under the ACCA's Residual Clause were required "to imagine how the idealized ordinary case of the crime subsequently plays out" and then assess whether that abstraction presented a serious risk of injury. *Id.* The Supreme Court found that basing the ACCA analysis on an imagined "ordinary case" as opposed to "real-world facts or statutory elements" was a flawed model that created "grave uncertainty." *Id.* Consequently, the Court concluded that the Residual Clause violated "the Constitution's guarantee of due process." *Id.* at 2563. After *Johnson*, an offense can only qualify as a "violent felony" under the ACCA if it falls within the ambit of the Force Clause or is one of the ACCA's enumerated offenses. In *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), decided in April of 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review because it announced a substantive, rather than procedural rule.

Although *Johnson* struck down the Residual Clause, this Court held in *Jackson v. United States,* No. RDB-09-0179, 2017 WL 2376764 (D. Md. June 1, 2017) that "the *Johnson* decision

4

had no impact on 'serious drug offenses' under the ACCA."[2] *See also Kennedy v. United States*, No. RDB-10-0678, 2017 WL 2439141 (D. Md. June 6, 2017) (holding that because Kennedy's enhanced sentence under the ACCA was independently supported by at least three prior "serious drug offenses," *Johnson* is inapplicable); *Parnell v. United States*, No. RDB-06-0258, 2017 WL 2296985 (D. Md. May 24, 2017) (holding that *Johnson* does not apply to "serious drug offense" predicate convictions); *Wright v. United States*, No ELH-06-0447, 2017 WL 2506110 (D. Md. June 8, 2017) (holding that *Johnson* was of no help to the petitioner because *Johnson* invalidated the Residual Clause of the ACCA and the petitioner was determined to be an Armed Career Criminal based on three distinct serious drug offenses).

Prior to Petitioner's sentencing, the United States Probation office completed a Presentence Report ("PSR"), indicating that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the basis of three previous convictions for a violent felony and/or serious drug offense. (PSR at ¶ 6,7,8.) Specifically, the PSR indicates a 1998 conviction for possession with intent to distribute cocaine; a 2000 conviction for possession with intent to distribute cocaine; and a 2003 conviction for distribution of cocaine. (PSR at ¶¶ 6, 7, 8.) These predicate convictions were more than enough to deem Petitioner an armed career criminal within the meaning of U.S.S.G. § 4B1.4. While Petitioner correctly cites the holding in *Johnson*, the *Johnson* case does not apply to his prior convictions because it addressed the definition of prior "violent felony" under the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii). *Id.* at 2551.

---

[2] In *Jackson* this Court held that *Johnson* did not apply to petitioner's case because his "armed career criminal" status was not predicated on one or more violent felonies under the ACCA, but instead supported by at least three prior "serious drug offenses."

5

Petitioner's qualifying prior convictions under the ACCA, however, were "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii). Thus, the unconstitutionality of the Residual Clause within the definition of "violent felony" does not affect his sentence. Therefore, Petitioner was justly subjected to an enhanced sentence under 18 U.S.C. § 924(e). Accordingly, his Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 40) is DENIED.

## CONCLUSION

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims for relief debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: February 21, 2018

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge

6