IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-11-0456 |
| KALIFE CRENSHAW, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On January 26, 2012, Defendant Kalife Crenshaw ("Defendant" or "Crenshaw") pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (ECF No. 21.) At the Sentencing Hearing, this Court found that an 84-month (7-year) sentence would have been appropriate, but was nevertheless bound to impose a 180-month (15-year) mandatory minimum sentence under 18 U.S.C. § 924(e) because of Crenshaw's armed career criminal designation. (Hr'g Tr. 54:3-11, ECF No. 37.) On April 25, 2012, this Court sentenced Crenshaw to 180 months of imprisonment, with credit for time served in federal custody since August 26, 2011, to be followed by a four-year term of supervise release. (Judgment & Commitment Order, ("J&C"), ECF No. 30.) Crenshaw is presently incarcerated at the low security Federal Correctional Institution in Allenwood, Pennsylvania ("FCI Allenwood Low"). Crenshaw has served 110 months of his 180-month sentence. His projected release date is February 19, 2024. (ECF No. 67-5.)

Now pending is Crenshaw's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 67 *SEALED*). In his motion, Crenshaw represents that he is uniquely susceptible to the potential spread of COVID-19 in prison because he

suffers from Type II diabetes, hypertension, hyperlipidemia, and gastro-esophageal reflux. The Government concedes that Crenshaw has presented extraordinary and compelling reasons for compassionate release and has deferred to this Court on the outcome of Crenshaw's motion. (ECF No. 70 at 1.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Crenshaw's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 67 *SEALED*) is GRANTED. Crenshaw's sentence is reduced to time served and upon the expiration of a 14-day quarantine period, he shall be released to the custody of his fiancée, Wendy Callis, at her residence in Pittsburgh, Pennsylvania, and commence a 4-year period of supervised release.

**ANALYSIS**

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a

showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

In this case, the Government has conceded that Crenshaw has exhausted his administrative remedies before filing the instant motion, that his medical diagnoses present extraordinary and compelling reasons for his release, and that his release does not pose a danger to the community. The Government notes only that Crenshaw has not served his entire mandatory minimum sentence, but otherwise defers to the Court's discretion to grant compassionate release.

Crenshaw has satisfied the procedural prerequisites to filing the instant motion in federal court. On April 25, 2020, Crenshaw submitted a request for compassionate release with the warden of FCI Allenwood Low and referenced his medical conditions. On May 6, 2020, Crenshaw's request was denied. (ECF No. 67-12.) As thirty days have elapsed since Crenshaw's submission, his motion is properly before this Court.

As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). In this case, Crenshaw's records establish that he has Type II diabetes, hypertension, hyperlipidemia, and gastro-esophageal reflux. (ECF Nos. 67-6, 67-7.) The Centers for Disease Control and Prevention ("CDC") has concluded that people of any age with Type 2 diabetes mellitus are at an increased risk of severe illness from COVID-19 and that those with hypertension "might" be at an increased

3

risk. (ECF No. 67-10 at 1.) Crenshaw's heightened susceptibility to COVID-19 presents extraordinary and compelling reasons for his release.

The Sentencing Commission Policy Statement governing 18 U.S.C. § 3582(c)(1)(A) states that the District Court may only grant compassionate release after determining that the defendant is not a danger to any person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). As the Government notes, Crenshaw's sole conviction for a crime of violence occurred nearly 24 years ago when he was 17 years of age. (ECF No. 37 at 48:3-15.) Crenshaw is now 40 years old and has matured significantly. His clean disciplinary record while in the custody of the Bureau of Prisons suggests that he is no longer a danger to any person or to the community.

Finally, before determining whether a sentence reduction is appropriate, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Crenshaw's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471 at *4 (D. Md. Apr. 30, 2020).

The § 3553(a) factors weigh in favor of compassionate release. At Crenshaw's Sentencing Hearing, this Court found that, but for his armed career criminal designation, Crenshaw's total offense level was 21 and that he had a criminal history category of V,

4

producing an advisory guidelines range of 70 to 87 months of imprisonment. (ECF No. 37 at 53:10-14.) If Crenshaw had not qualified as an armed career criminal, this Court would have imposed an 84-month sentence. As this Court explained during the Sentencing Hearing:

> Without question, I would probably sentence him to 84 months, seven years, and I'll explain why. In fact, that's what the sentence would be but for his being an armed career criminal, it would have been 84, or seven years with credit for time served, as I'll indicate.

(*Id.* at 54:1-7.) As this Court's remarks during the Sentencing Hearing reveal, this Court has already weighed the § 3553(a) factors and determined that Crenshaw warrants a lesser sentence than the one which this Court was required to impose. Since his incarceration, Crenshaw's behavior has further confirmed that a lesser sentence would have been warranted: he has earned a GED, completed a drug education program and several educational courses, accepted mental healthcare treatment, participated in the BRAVE rehabilitation program, obtained vocational training, and underwent employment training with Federal Prison Industries. In reducing Crenshaw's sentence, this Court may consider such efforts. *See Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586 (2007) (holding that district court may consider defendant's "self-motivated rehabilitation" when imposing a sentence). Compassionate release is warranted under these circumstances.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 3rd day of August, 2020, that Defendant Crenshaw's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 67 *SEALED*) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Kalife Crenshaw's term of incarceration is reduced to time served, such that he is to be released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Kalife Crenshaw in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of FCI Allenwood Low shall forthwith release from custody the person of the Defendant, Kalife Crenshaw;

4. Defendant Kalife Crenshaw shall be on supervised release status for a period of four years;

5. Defendant Kalife Crenshaw shall be released to the custody of his fiancée, Wendy Callis, at her residence in Pittsburgh, Pennsylvania;

6. While traveling from FCI Allenwood Low to his residence, Defendant Kalife Crenshaw will isolate himself to the best of his ability.  Upon reaching his residence, Defendant Kalife Crenshaw shall observe all applicable stay-at-home orders; and

7. The United States Probation Office will review the conditions of release with Defendant Kalife Crenshaw.

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge